## Lach et al. v. Cimini et al.

*Jenkins & Ligi*, for plaintiffs.

*Frank T. Butler*, for defendants.

HOBAN, P. J., July 24, 1948.—The testimony shows that defendant landlords, without notice to plaintiff tenants, suddenly erected a fence across the rear portion of the leased premises, thus depriving plaintiffs of the only entry to the rear of their business establishment. The fence was erected early one morning without notice to plaintiffs and, while physically on other lands of defendants adjoining the leasehold, it effectively seals off entry to the rear of the place; hence

no business deliveries can be made to the rear, ashes and refuse may not be taken out that way and, to add insult to injury, plaintiffs' automobile, which was garaged in the rear of the premises on the night before the fence was put up, now is effectively impounded in a 15-foot areaway without access to the outer world.

It may be that as the case develops defendants can demonstrate an exact legal right to maintain their fence where they now put it. It is also true that it is physically possible to bring in supplies and evacuate refuse through the front entrance of the establishment on North Main Avenue, but at the cost of great inconvenience to proprietors, patrons and suppliers. However, the evidence indicates that when the premises were leased, by all appearance there was a rear entrance and exit available to plaintiffs, which, of course, is a substantial advantage in the conduct of a commercial enterprise. It seems inequitable that plaintiffs should be deprived of such an apparent normal adjunct to the property and, of course, there is no conceivable excuse for the action of defendants sealing off the property so that plaintiffs could not get their motor car to a position where it can be used for their personal or business use. The contract relationship of landlord and tenant involves the observation of some decencies, and we are not disposed to support cat and mouse tactics in the interpretation of documents of lease. The status quo prior to the erection of the fence ought to be maintained until the legal rights of the parties are determined.

Now, July 24, 1948, the rule to show cause why a mandatory injunction should not issue is made absolute. A preliminary injunction is directed to issue directing defendants to remove the fence now barring ingress and egress to the rear of plaintiffs' leasehold premises forthwith, the injunction to continue in effect until final hearing. Security is to be furnished by plaintiffs sec leg. in the sum of $500.